IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

PACIFIC GAS AND ELECTRIC
COMPANY,

            Petitioner,

    v.

FEDERAL ENERGY REGULATORY
COMMISSION,

            Respondent.

Case No. 23-1262

## PETITION FOR REVIEW
## AND REQUEST FOR CONSOLIDATION
## AND TO HOLD PETITION IN ABEYANCE

Pursuant to Section 313(b) of the Federal Power Act, 16 U.S.C. § 825*l*(b), Rule 15(a) of the Federal Rules of Appellate Procedure, and Circuit Rule 15 of the Rules of this Court, Pacific Gas and Electric Company ("PG&E") submits this petition for review of the following orders of the Federal Energy Regulatory Commission ("FERC" or the "Commission") in Docket Nos. ER16-2320-007, ER16-2320-009, and ER16-2320-013:

- *Pacific Gas and Electric Co.*, Docket Nos. ER16-2320-007 and ER16-2320-009, Order Rejecting Compliance Filing and Directing Further Compliance, 183 FERC ¶ 61,118 (May 18, 2023) ("Rejection Order"); and

- *Pacific Gas and Electric Co.*, Docket No. ER16-2320-013, Notice of Denial of Rehearing by Operation of Law and Providing for Further

Consideration, 184 FERC ¶ 62,045 (July 21, 2023) ("Rehearing Denial Notice").

A copy of the Rejection Order is attached as Exhibit A to this petition. A copy of the Rehearing Denial Notice is attached as Exhibit B to this petition.

PG&E timely requested rehearing of the Rejection Order on June 20, 2023. *See* Ex. B at 1 ("Rehearing has been timely requested of the Commission's order issued on May 18, 2023, in this proceeding."). The Rehearing Denial Notice states:

> In the absence of Commission action on a request for rehearing within 30 days from the date it is filed, the request for rehearing may be deemed to have been denied. 16 U.S.C. § 825*l*(a); 18 C.F.R. § 385.713 (2022); *Allegheny Def. Project v. FERC*, 964 F.3d 1 (D.C. Cir. 2020) (en banc).

*Id*. The Rehearing Denial Notice further provides that the rehearing requests "will be addressed in a future order to be issued consistent with the requirements of [16 U.S.C. § 825*l*(a)]." *Id*. No "future order" has yet been issued.

PG&E seeks review of these orders on the grounds that FERC's rulings are arbitrary, capricious, and an abuse of discretion within the meaning of the Administrative Procedure Act, 5 U.S.C. §§ 701–706.

Venue is proper in this Court pursuant to Federal Power Act section 313(b), 16 U.S.C. § 825*l*(b).

In the past, this Court had held that petitions for review are premature when FERC has issued orders granting rehearing for the limited purpose of further consideration. *See, e.g.*, *Cal. Co. v. Fed. Power Comm'n*, 411 F.2d 720, 722 (D.C.

2

Cir. 1969) (per curiam).  More recently, this Court issued an *en banc* decision reevaluating the use of a similar tolling order under the parallel provision in the Natural Gas Act.[1]  In *Allegheny Defense Project v. Federal Energy Regulatory Commission*, the Court concluded that as "a matter of plain statutory text and structure, the Commission lacks [the] authority" to issue tolling orders "for the sole purposes of preventing rehearing from being deemed denied by its inaction and the statutory right to judicial review attaching."  *Allegheny Def. Project v. FERC*, 964 F.3d 1, 11 (D.C. Cir. 2020) (en banc) ("*Allegheny Defense*").

In light of the Court's decision in *Allegheny Defense*, PG&E submits this petition for review now to ensure it does not lose any rights to petition for review of the Rejection Order.[2]  PG&E recognizes, however, that a substantive FERC order on PG&E's pending request for rehearing may resolve all or some of PG&E's objections to the Rejection Order.

In addition, six other consolidated cases are pending in this Court arising from the same FERC proceeding, Docket No. ER16-2320.  *See Pac. Gas & Elec. Co.* v. *FERC*, No. 21-1061 (consol.), Doc. No. 1951346, Order (D.C. Cir. June 21, 2022):

---

[1] The relevant provision of the Natural Gas Act (15 U.S.C. § 717r(a)) is substantively identical to the Federal Power Act provision that controls here (16 U.S.C. § 825*l*(a)).

[2] This Court has cautioned that "petitioners who delay filing requests for review on their own assessment of when an issue is ripe for review do so at the risk of finding their claims time-barred."  *Eagle-Picher Indus., Inc. v. EPA*, 759 F.2d 905, 909 (D.C. Cir. 1985).

- *Pac. Gas & Elec. Co.* v. *FERC*, Case No. 21-1061 (lead)

- *Pac. Gas & Elec. Co.* v. *FERC*, Case No. 21-1135

- *Pac. Gas & Elec. Co.* v. *FERC*, Case No. 21-1172

- *Pac. Gas & Elec. Co.* v. *FERC*, Case No. 21-1204

- *Pac. Gas & Elec. Co.* v. *FERC*, Case No. 22-1095

- *Pac. Gas & Elec. Co.* v. *FERC*, Case No. 22-1113

The Court has held these cases in abeyance pending FERC's final ruling in Docket No. ER16-2320.  *See Pac. Gas & Elec. Co.* v. *FERC*, No. 21-1061 (consol.), Doc. No. 1923107, Order (D.C. Cir. Nov. 18, 2021).

Consolidation of the instant petition with Nos. 21-1061, 21-1135, 21-1172, 21-1204, 22-1095, and 22-1113 is appropriate because the petitions involve the same parties and arise from the same underlying FERC proceeding.  All petitions seek review of or otherwise arise from FERC Opinion No. 572, *Pac. Gas & Elec. Co.*, 173 FERC ¶ 61,045 (Oct. 15, 2020).

Holding the instant petition in abeyance pending the FERC's final ruling in Docket No. ER16-2320, along with the other consolidated petitions, also is appropriate.

PG&E is authorized to represent that the Commission does not oppose consolidation and holding this instant petition in abeyance.

For the reasons set forth above, the Court should grant PG&E's request to consolidate the instant petition with Nos. 21-1061, 21-1135, 21-1172, 21-1204, 22-1095, and 22-1113 and hold the instant petition in abeyance along with the other consolidated petitions.

Dated:  September 14, 2023                    Respectfully submitted,


                                             */s/ Laura J. Edelstein*
                                             Laura J. Edelstein
                                             *ledelstein@jenner.com*
                                             JENNER & BLOCK LLP
                                             455 Market Street, Suite 2100
                                             San Francisco, California 94105
                                             Telephone: (628) 267-6800

                                             Matthew E. Price
                                             *mprice@jenner.com*
                                             JENNER & BLOCK LLP
                                             1099 New York Ave. NW, Suite 900
                                             Washington, DC 20001
                                             Telephone: (202) 639-6000

                                             Charles Middlekauff
                                             *charles.middlekauff@pge.com*
                                             Keith T. Sampson
                                             *keith.sampson@pge.com*
                                             PACIFIC GAS AND ELECTRIC COMPANY
                                             300 Lakeside Drive
                                             Oakland, CA 94612
                                             Telephone:  (415) 973-6971

                                             *Counsel for Petitioner*
                                             *Pacific Gas and Electric Company*

5

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

PACIFIC GAS AND ELECTRIC
COMPANY,

　　　　　　　　Petitioner,

　　v.

FEDERAL ENERGY REGULATORY
COMMISSION,

　　　　　　　　Respondent.

Case No. _____

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure Rule 26.1 and Circuit Rule 26.1, Pacific Gas and Electric Company ("PG&E") submits the following disclosure statement.

PG&E is a public utility operating in northern and central California. PG&E is engaged primarily in natural gas procurement, transportation, and storage and in electricity generation, transmission, and distribution.

PG&E is a subsidiary of PG&E Corporation, a publicly held corporation that has a 10 percent or greater ownership interest in PG&E.

Dated:  September 14, 2023                Respectfully submitted,


                                                 */s/ Laura J. Edelstein*
                                                Laura J. Edelstein
                                                *ledelstein@jenner.com*
                                                JENNER & BLOCK LLP
                                                455 Market Street, Suite 2100
                                                San Francisco, California 94105
                                                Telephone:  (628) 267-6800

                                                Matthew E. Price
                                                *mprice@jenner.com*
                                                JENNER & BLOCK LLP
                                                1099 New York Ave. NW, Suite 900
                                                Washington, DC 20001
                                                Telephone: (202) 639-6000

                                                Charles Middlekauff
                                                *charles.middlekauff@pge.com*
                                                Keith T. Sampson
                                                *keith.sampson@pge.com*
                                                PACIFIC GAS AND ELECTRIC COMPANY
                                                300 Lakeside Drive
                                                Oakland, CA 94612
                                                Telephone:  (415) 973-6971

                                                *Counsel for Petitioner*
                                                *Pacific Gas and Electric Company*

## CERTIFICATE OF SERVICE

In accordance with Fed. R. App. P. 15(c), I hereby certify that on this 14th day of September 2023, I have caused the foregoing Petition for Review and Corporate Disclosure Statement of Petitioner to be served upon the Office of the Solicitor of the Federal Energy Regulatory Commission at the following address:

> Robert H. Solomon, Solicitor
> Federal Energy Regulatory Commission
> 888 First Street, N.E.
> Washington, D.C. 20426
> robert.solomon@ferc.gov

I hereby further certify that I have caused a copy of the foregoing Petition for Review and Corporate Disclosure Statement of Petitioner to be served on all parties to the proceedings before the Commission under Docket No. ER16-2320, as shown on the attached service list.

Once received from the Court, a stamped copy of this Petition will be e-filed and served on the respondent, pursuant to 18 C.F.R. § 385.2012, at the following address:

> Kimberly D. Bose
> Secretary
> Federal Energy Regulatory Commission
> 888 First Street, N.E.
> Washington, D.C. 20426

*/s/ Laura J. Edelstein*
Laura J. Edelstein

# Exhibit A

183 FERC ¶ 61,118
UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

Before Commissioners:  Willie L. Phillips, Acting Chairman;
James P. Danly, Allison Clements,
and Mark C. Christie.


Pacific Gas and Electric Company                Docket Nos.  ER16-2320-007
                                                             ER16-2320-009

ORDER REJECTING COMPLIANCE FILING AND DIRECTING
FURTHER COMPLIANCE

(Issued May 18, 2023)

1.      On May 17, 2021, Pacific Gas and Electric Company (PG&E) submitted a
compliance filing (Initial Compliance Filing), as superseded on July 2, 2021 (Revised
Compliance Filing), in response to an order on rehearing[1] directing PG&E to adjust its
test-year data during January and February 2018 to account for changes in the corporate
income tax rate due to the Tax Cuts and Jobs Act of 2017 (Tax Act).[2]  In this order, we
dismiss PG&E's Initial Compliance Filing.  We also find that PG&E's Revised
Compliance Filing does not comply with the directives in the April 2021 Rehearing
Order and therefore reject it.  As discussed below, we direct PG&E to submit a further
compliance filing.

## I.   **Background**

### A.   **PG&E Filing and Decision**

2.      On July 29, 2016, PG&E submitted its eighteenth revised transmission owner
tariff (TO Tariff) filing (TO18) requesting an increase in TO Tariff stated transmission
service rates, effective October 1, 2016.  On September 30, 2016, the Commission
accepted PG&E's tariff revisions for filing, suspended them for five months to become
effective on March 1, 2017, subject to refund, and established hearing and settlement

---

[1] *Pac. Gas & Elec. Co*, 175 FERC ¶ 61,040 (2021) (April 2021 Rehearing Order).

[2] Tax Cuts and Jobs Act of 2017, Pub. L. No. 115-97, 131 Stat. 2054 (2017).

Document Accession #: 20230518-3042          Filed Date: 05/18/2023

judge procedures.[3]  PG&E's TO18 rates were effective from March 1, 2017 through February 28, 2018.[4]

3.      On December 22, 2017, the Tax Act was signed into law, reducing the federal corporate income tax rate from 35% to 21%, effective January 1, 2018, one day after the close of the test-year period for PG&E's TO18 filing.[5]

4.      On March 15, 2018, the Commission issued a series of orders related to the Tax Act.  As relevant here, in Docket No. EL18-72, et al., the Commission issued a Show Cause Order directing certain utilities, including PG&E in Docket No. EL18-108-000, to: (1) propose revisions to the transmission rates under their open access transmission tariff or transmission owner tariffs to reflect the change in the federal corporate income tax rate; or (2) show cause why they should not be required to do so.[6]

5.      On October 1, 2018, the Presiding Administrative Law Judge (Presiding Judge) issued the Initial Decision in this proceeding.[7]  Among other things, the Presiding Judge found that PG&E must revise its income tax calculations for January and February 2018 to reflect the fact that the Tax Act lowered the federal corporate income tax rate from the maximum 35% rate that PG&E had been paying, to a flat 21% rate, effective January 1, 2018.[8]  Noting that "[t]he record does not show any other developments during those

---

[3] *Pac. Gas & Elec. Co.*, 156 FERC ¶ 61,238 (2016).

[4] PG&E subsequently filed its proposed nineteenth revised transmission owner tariff (TO19) filing on July 27, 2017.  The Commission accepted PG&E's filing, suspended it for five months, and established hearing and settlement judge procedures. *Pac. Gas & Elec. Co.*, 160 FERC ¶ 61,128 (2017).  PG&E's TO19 rates became effective on March 1, 2018.

[5] April 2021 Rehearing Order, 175 FERC ¶ 61,040, at P 72 (2021).

[6] *Alcoa Power Generating, Inc.*, 162 FERC ¶ 61,224 (2018) (Show Cause Order).

[7] *Pac. Gas & Elec. Co.*, 165 FERC ¶ 63,001 (2018) (Initial Decision).

[8] *Id.* PP 1032, 1035, 1039 (recognizing that "during January and February 2018, PG&E will be collecting rates based on a 35[%] tax rate while paying a tax rate of only 21[%]").  The Presiding Judge noted that "because PG&E's transmission rates are fixed, and not formulary, the necessary reductions to [PG&E's Transmission Revenue Requirement] resulting from lowering the corporate tax rate will not automatically flow through to customers without an order compelling such action in this proceeding." *Id*. P 1035.

months that have distorted PG&E's rates,"[9] the Presiding Judge found that PG&E will
over-collect its income tax costs for January and February 2018 unless its rate is adjusted
to reflect the tax rate reduction.[10]  The Presiding Judge explained that the Commission
has "frequently recognized that rates should reflect a significant decrease in the federal
corporate income tax rate."[11]

6.      On February 21, 2019, after holding the Show Cause Order proceeding in abeyance
pending settlement discussions in PG&E's TO19 proceeding,[12] the Commission dismissed
the Show Cause Order proceeding.[13]  The Commission determined that it was unnecessary
to evaluate the impact of the Tax Act on PG&E's stated rates in a stand-alone rate
proceeding because the issue had already been addressed in the settlement of PG&E's
TO19 filing (TO19 Settlement), which covered rates effective March 1, 2018 through
February 2019.[14]

7.      Subsequently, in Opinion No. 572, issued on October 15, 2020, the Commission
held that the impact of the Tax Act on PG&E's stated rates had been resolved in the TO19
proceeding and thus did not have to be addressed here in PG&E's TO18 proceeding.[15]
Transmission Agency of Northern California (TANC) and City of Santa Clara sought
rehearing of this issue, arguing that the Commission erred by failing to address the effect
of the Tax Act on PG&E's January and February 2018 rates.[16]

8.      On rehearing, the Commission set aside its determination on the Tax Act issue in
Opinion No. 572 and directed PG&E to adjust its test-year data to account for the
corporate income tax rate changes during January and February 2018.[17]  The Commission

---

[9] *Id*. P 1042.

[10] *Id.*

[11] *Id*. P 1039.

[12] *Pac. Gas & Elec. Co*., 165 FERC ¶ 61,131, at P 1 (2018).

[13] *Pac. Gas & Elec. Co*., 166 FERC ¶ 61,130, at P 6 (2019).

[14] *Id*. PP 6-7.

[15] *Pac. Gas & Elec. Co*., Opinion No. 572, 173 FERC ¶ 61,045, at P 296 (2020).

[16] We note that parties sought rehearing of other aspects of Opinion No. 572 that
have been addressed by the Commission and are not relevant to this compliance filing.

[17] April 2021 Rehearing Order, 175 FERC ¶ 61,040 at PP 69-73.

based its finding, in part, on the language in the TO19 Settlement, which states that the settlement "fully reflects the impact of the change in the federal corporate income tax rate resulting from the Tax Act on PG&E's stated TO19 transmission rates."[18]  Because the TO19 Settlement only resolved issues regarding the TO19 filing, which became effective on March 1, 2018, the Commission found that the TO19 Settlement did not address the impact of the Tax Act on PG&E's rates during January and February 2018, during which time the TO18 rates were in effect.[19]  Accordingly, the Commission determined that, while it had terminated the Show Cause Order proceeding based on its approval of the TO19 Settlement, the Commission had not actually resolved the issue of the effect of the Tax Act on PG&E's January-February 2018 rates in the Show Cause Order proceeding because the TO19 Settlement did not address PG&E's rates for those two months.[20]  Accordingly, consistent with precedent, the Commission required PG&E to submit a compliance filing adjusting its test-year period data to reflect the reduced federal corporate income tax rate for January and February 2018.[21]  The Commission explained that this adjustment would "ensure that customers do not pay unjust and unreasonable high federal income tax costs."[22]

9.      On May 17, 2021, in Docket No. ER16-2320-008, PG&E sought rehearing of the April 2021 Rehearing Order.  On rehearing, PG&E contended that the *Southwestern Public Service Company*[23] case that the Presiding Judge and the Commission relied upon to require PG&E to adjust its test-year period data to account for a post-period reduction in federal corporate income tax is not analogous to the instant case.[24]  Additionally, PG&E asserted that the rates approved in the TO19 Settlement addressed the going-forward period, and therefore the settlement fully accounted for the change in tax rates.[25]  PG&E also argued that the April 2021 Rehearing Order failed to address the lack of evidence necessary to support the Commission's requirement for PG&E to adjust its test-

---

[18] *Id*. PP 69, 71.

[19] *Id*. P 71.

[20] *Id*.

[21] *Id*. PP 69, 73.

[22] *Id*. P 73.

[23] 49 FERC ¶ 61,354 (1989) (*Southwestern*).

[24] PG&E May 2021 Rehearing Request at 8-9 & n.28 (citing April 2021 Order, 175 FERC ¶ 61,040 at P 73 & n.239; Initial Decision, 165 FERC ¶ 63,001 at P 1038).

[25] *Id*. at 9.

year period.  PG&E argued that because the issue was not raised at the procedurally appropriate time, it lacked the opportunity to provide offsetting evidence.[26]

10.    On August 19, 2021, the Commission issued an order addressing arguments raised on rehearing, modifying the discussion in the April 2021 Rehearing Order and continuing to reach the same result finding that the Commission had not resolved the issue of the effect of the Tax Act on PG&E's January-February 2018 rates in the Show Cause Order proceeding, and requiring PG&E to adjust its test-year period data to reflect the reduced federal corporate income tax rate for those two months.[27]  The Commission was not persuaded by PG&E's argument that the Commission's reliance on *Southwestern* was misplaced, noting the Presiding Judge's undisputed finding that PG&E will over-collect its income tax costs for January and February 2018 unless its rate is adjusted to reflect the tax rate reduction.[28]

## II.    **Compliance Filings**

11.    On May 17, 2021, in Docket No. ER16-2320-007, PG&E submitted the Initial Compliance Filing in compliance with the April 2021 Rehearing Order.  On July 2, 2021, in Docket No. ER16-2320-009, PG&E submitted the Revised Compliance Filing explaining that the Revised Compliance Filing supersedes the Initial Compliance Filing. PG&E asserts that the directives of the April 2021 Rehearing Order violate the Internal Revenue Service (IRS) rules and therefore, PG&E states, the Revised Compliance filing does not modify the current or deferred income tax expense to ensure PG&E does not violate the normalization consistency rules.[29]  Specifically, PG&E asserts that determining rates under the April 2021 Rehearing Order is not a normalization method of accounting because it violates the "Consistency Rule" of Internal Revenue Code (IRC) section 168(i)(9)(B)[30] and the limitation on the reduction in excess deferred income taxes imposed by section 13001(d)(1) of the Tax Act.  PG&E states that IRC section 167 allows for a depreciation deduction for a reasonable allowance for exhaustion, wear and

---

[26] *Id*. at 10.

[27] *Pac. Gas & Elec. Co.*, 176 FERC ¶ 61,106 (2021) (August 2021 Rehearing Order).

[28] *Id*. PP 15-16 (citing Initial Decision, 165 FERC ¶ 63,001 at P 1042).  PG&E has filed a petition for review of the Commission determinations in this proceeding with the United States Court of Appeals for the District of Columbia Circuit.  PG&E's petition for review is currently pending before the court.

[29] Revised Compliance Filing at 5-7.

[30] *See* 26 U.S.C. § 168(i)(9)(B).

tear of property used in a trade or business.  According to PG&E, IRC section 168 establishes the modified accelerated cost recovery system (MACRS), and IRC section 168(f)(2) provides that MACRS depreciation does not apply to any public utility property if the taxpayer fails to use a normalization method of accounting.  PG&E therefore maintains that not using a normalization method of accounting would adversely affect PG&E's ability to use MACRS depreciation for tax purposes.[31]

12.     PG&E explains that the "Consistency Rule," under IRC section 168(i)(9)(B), provides that the Normalization Rules are not satisfied if the taxpayer, for ratemaking purposes, uses a procedure or adjustment that uses an estimate or projection of tax expense, depreciation expense, or a reserve for deferred taxes, unless such estimate or projection is also used with respect to the other two items and with respect to rate base. According to PG&E, under this section, ratemaking procedures and adjustments must be consistent with the requirements of normalization accounting.  PG&E explains that the Consistency Rule is further supported by Treasury Regulation section 1.167(l)-1(h)(6)(i),[32] which provides that a taxpayer does not use a normalization method of accounting if, for ratemaking purposes, the amount of the accumulated deferred income tax (ADIT) excluded from the rate base, or treated as cost-free capital, exceeds the amount of the ADIT reserve for the period used in determining the taxpayer's ratemaking tax expense.[33]

13.     PG&E states that it followed the Consistency Rule when it submitted its TO18 filing, such that depreciation expense and tax expense were projected for the calendar year 2017 test period.  PG&E explains that the rate base and ADIT were projected for December 31, 2017, which was consistent with PG&E's use of the calendar year 2017 depreciation expense and tax expense.  PG&E maintains that the Consistency Rule does not allow just two items to be adjusted for the months of January and February 2018, when depreciation expense and rate base are not adjusted.[34]  PG&E explains that the IRS previously concluded that, to satisfy the Normalization Rules, the reserve for deferred taxes that is deducted from the rate base must be based on the same deferred portion of the tax expense used to compute the cost of service.[35]

14.     PG&E also asserts that a second tax normalization rule is potentially violated because Tax Act section 13001(d)(1) requires a regulated utility to maintain its excess

---

[31] Revised Compliance Filing at 4-5.

[32] *See* 26 U.S.C. § 1.167(l)-1(h)(6)(i).

[33] Revised Compliance Filing at 5.

[34] *Id.*

[35] *Id.* at 5-6 (citing Private Letter Ruling (PLR) 7836038 (June 8, 1978)).

deferred income tax (EDIT) that would otherwise be reduced when a tax rate reduction takes effect. PG&E explains that this section requires PG&E to maintain its ADIT balance as of December 31, 2017, even though the corporate tax rate had been reduced to 21% on January 1, 2018, and that the normalization of EDIT does not permit PG&E to reduce its ADIT on December 31, 2017. Thus, PG&E asserts that the April 2021 Rehearing Order is inconsistent with the normalization method of accounting by requiring a reduction of ADIT at that date for the purposes of establishing the rate for January and February 2018. PG&E explains that its Revised Compliance Filing therefore modifies neither the current nor deferred federal income tax expense.[36]

## III.    Motion to Lodge Private Letter Ruling

15.    On March 10, 2022, PG&E filed a motion to lodge in the record of this proceeding a PLR released by the IRS in October 2021.[37] PG&E states that the PLR in question finds that a violation of the IRS Normalization Rules occurred when a regulatory commission required that a utility use a particular method of accounting to adjust its deferred income tax expense following the reduction of the federal corporate tax rate in the Tax Act without adjusting the remaining three elements of cost of service. PG&E explains that the PLR is relevant to the issues raised in the Rehearing Order and asks the Commission to take three corrective actions: (1) direct PG&E to seek a PLR from the IRS regarding these issues; (2) defer acting on the Revised Compliance Filing until the PLR is resolved; and (3) direct PG&E to implement a mechanism that will enable PG&E and the Commission to address any issues as a result of the PLR.[38]

16.    PG&E explains that a utility will lose use of accelerated depreciation, resulting in higher customer rates, if it does not use a normalization method of accounting.[39] PG&E states that a regulatory commission previously required an annual rate adjustment for EDIT amortization without also adjusting depreciation expense, income tax expense, rate base, or ADIT. PG&E explains that in the PLR, the IRS found that accounting for EDIT as required by a previous regulatory commission order would result in violation of the Normalization Rules. According to PG&E, the IRS recognized the agreement between the regulatory commission and the utility to open a proceeding upon receipt of the PLR to

---

[36] *Id.* at 6-7.

[37] PLR 202142002 (Oct. 22, 2021) (October PLR). The parties and location of the parties in a PLR are anonymous.

[38] Motion to Lodge at 1-2, 11.

[39] *Id.* at 3.

Document Accession #: 20230518-3042      Filed Date: 05/18/2023

ensure the commission order complies with the Normalization Rules.[40]  PG&E states that
the April 2021 Rehearing Order did not address the limit on the reduction in ADIT for
EDIT in the Tax Act and the requirement that PG&E maintain its ADIT balance on
December 21, 2017 despite the reduction of the corporate tax rate by the Tax Act.[41]
PG&E contends that the PLR confirms that the April 2021 Rehearing Order violates
Normalization Rules by requiring PG&E to calculate its income tax expense for January
and February 2018 using the 21% corporate tax rate, while the ADIT is based on the 35%
corporate tax rate.  PG&E also maintains that its Revised Compliance Filing and Motion
to Lodge the IRS PLR represent PG&E's efforts to avoid a normalization violation.[42]

## IV.    Notice of Filing and Responsive Pleadings

17.    Notice of PG&E's Initial Compliance Filing was published in the *Federal
Register*, 86 Fed. Reg. 27,844 (May 24, 2021), with interventions and protests due on or
before June 7, 2021.  Timely protests were filed by TANC and Cities of Anaheim, Azusa,
Banning, Colton, Pasadena, and Riverside, California (Six Cities).  On July 2, 2021,
PG&E filed an answer to the protests.  On July 19, 2021, TANC and Six Cities filed a
joint motion to reject the answer and response to PG&E's answer.  As noted above, we
dismiss the Initial Compliance Filing as moot in light of PG&E's representation that the
Revised Compliance Filing supersedes the Initial Compliance Filing.  Consequently, the
responsive pleadings and answers addressing the Initial Compliance Filing are also moot
and we will not address them here.

18.    Notice of PG&E's Revised Compliance Filing was published in the *Federal
Register*, 86 Fed. Reg. 36,276 (July 9, 2021), with interventions and protests due on or
before July 23, 2021.  A timely joint protest was filed by TANC and Six Cities.  On
March 10, 2022, PG&E filed a motion to lodge the PLR and request for additional
corrective actions.  On March 25, 2022, TANC and Six Cities filed an answer to PG&E's
motion to lodge the PLR.

### A.    Joint Protest to the Revised Compliance Filing

19.    TANC and Six Cities assert that PG&E's Revised Compliance Filing results in an
unjust and unreasonable transmission revenue requirement (TRR), and contend that the
Revised Compliance Filing is "procedurally improper" and is essentially an out-of-time

---

[40] *Id.* at 5.

[41] *Id.* at 5-6.

[42] *Id.* at 10.

Document Accession #: 20230518-3042    Filed Date: 05/18/2023

request for rehearing and should be disregarded.[43]  TANC and Six Cities maintain that PG&E's Revised Compliance Filing fails to comply with the Commission's directives and that PG&E wrongly claims these directives violate IRS Normalization and Consistency Rules.[44]  TANC and Six Cities explain that IRS Normalization Rules apply only to accelerated depreciation, and the Commission's directives in the April 2021 Rehearing Order do not require changes to accelerated depreciation or ADIT.[45]

20.    TANC and Six Cities state that the Federal Income Tax Expense Deferred and Current Liabilities, remeasured as of December 31, 2017 at the 21% federal corporate income tax rate, are not subject to IRS Normalization Rules and that PG&E's rate base will not change due to the remeasurement because excess/deficient amounts from the Federal Income Tax Expense Deferred Liability will be reclassified, consistent with the Commission's accounting guidance.  TANC and Six Cities also state that the IRS Consistency Rules are inapplicable because the Total Federal Income Tax Expense is not a component of rate base, nor does it relate to the use of flow-through accounting for accelerated depreciation.[46]  TANC and Six Cities state that the Commission should direct PG&E to submit a compliance filing that appropriately reflects the change in federal income tax from 35% to 21%.[47]

### B.    Answer to Motion to Lodge the PLR

21.    TANC and Six Cities assert that PG&E's Motion to Lodge the PLR wrongly claims that the Commission's directive would violate IRS Normalization Rules, and state that the PLR that PG&E moves to lodge involves different facts than the instant proceeding.  TANC and Six Cities state that the PLR addresses a three-year general rate case, where a rate case established separate yearly calculations for the three-year period.  TANC and Six Cities further explain that in the proceeding underlying the PLR, the regulatory commission required the taxpayer to change the income tax allowance based on the reduction in the federal corporate income tax rate, including refunding of annual EDIT, but did not also require a corresponding annual change to the rate base to reflect EDIT refunding for each separate year's calculation.  According to TANC and Six Cities, this resulted in a normalization violation because the rate base for each year covered by the general rate case was held constant and did not change based on the annual EDIT

---

[43] TANC and Six Cities Joint Protest at 2, 9.

[44] *Id.* at 4-5.

[45] *Id.* at 5 (citing IRS Rev. Proc. 2020-39).

[46] *Id.* at 6.

[47] *Id.* at 10-12.

amortization refunds to customers. TANC and Six Cities argue that PG&E's TRR is different because it is in place for a set period of time based on a single rate base, so there is no concern with a mismatch between the test-year and the amortization for subsequent years, since there is only one time period in question. TANC and Six Cities conclude that PG&E fails to recognize this key difference between the general rate case at issue in the PLR and the TO18 proceeding, which renders the IRS's determination in the PLR inapplicable, because the same concerns simply do not exist.[48]

22. TANC and Six Cities state that the April 2021 Rehearing Order only required PG&E to modify its income tax expense, whereas the PLR required adjustments to amortization of the EDIT average rate assumption method or the total ADIT and EDIT balance.[49] TANC and Six Cities also note that amortization of EDIT has not been addressed throughout this proceeding, as PG&E claims, and that the April 2021 Rehearing Order "effectively requires PG&E to maintain the EDIT balance that would otherwise reduce the ADIT balance upon the effective date of a tax rate reduction by requiring PG&E to maintain rate base neutrality."[50]

23. TANC and Six Cities conclude that PG&E's Motion to Lodge the PLR is an attempt to circumvent the Commission's directives and avoid implementing any change to account for the reduction in the federal corporate income tax rate for January and February 2018. TANC and Six Cities therefore urge the Commission to reject PG&E's request for corrective actions, as they are unnecessary, considering the Commission's clear guidance in the August 2021 Rehearing Order.[51]

## V.   Discussion

### A.   Procedural Matters

24. Rule 213(a)(2) of the Commission's Rules of Practice and Procedure, 18 C.F.R. § 385.213(a)(2) (2022), prohibits answers to a protest and an answer unless otherwise ordered by the decisional authority. PG&E's answer to TANC and Six Cities' protests and TANC and Six Cities' answer to PG&E's answer relate to the Initial Compliance Filing, which we dismiss as moot. Accordingly, we are not persuaded to accept PG&E's and TANC and Six Cities' answers and will, therefore, reject them.

---

[48] TANC and Six Cities Answer to Motion at 6-7.

[49] *Id.* at 7-8.

[50] *Id.* at 8.

[51] *Id.* at 5-6.

### B.     Substantive Matters

#### 1.     PG&E's Motion to Lodge the PLR

25.     We deny PG&E's motion to lodge.  The PLR PG&E seeks to lodge addresses a different situation from the instant proceeding.  Specifically, the PLR addresses a general rate case that established separate yearly calculations for the three-year period and identifies a normalization violation resulting from the regulatory agency's directive to the taxpayer to change the income tax allowance based on the reduction in the federal corporate income tax rate, including refunding of annual EDIT, without requiring a corresponding annual change to the rate base to reflect EDIT refunding for each separate year calculation.  In the instant case, PG&E's TRR is based on a single rate base for a set period of time.  Accordingly, we find that there is no concern that a mismatch would arise between the test-year and the amortization for subsequent years, since there is only one time period in question.  Additionally, in the April 2021 Rehearing Order, the Commission only required PG&E to modify its income tax expense,[52] whereas the PLR required adjustments to amortization of the EDIT average rate assumption method or the total ADIT and EDIT balance.

26.     We also deny PG&E's request that we direct it to seek a PLR from the IRS to address its concerns.  The Commission may direct a utility to obtain a PLR from the IRS on an issue of first impression if the Commission believes that its decision of the issue would greatly benefit from a private letter ruling from the IRS on the specific matters of tax law.[53]  Despite PG&E's attempts to portray it as a complex issue requiring the IRS's subject matter expertise, we do not believe this is the case here.  In the April 2021 Rehearing Order, in establishing the directive for PG&E "to adjust its test-year period data to reflect the reduced federal corporate income tax rate for January and February," the Commission has followed its own precedent and that of the courts.[54]

#### 2.     Revised Compliance Filing

27.     At the outset, we dismiss the Initial Compliance Filing as moot, since it has been superseded by the Revised Compliance Filing.  We reject PG&E's Revised Compliance Filing because it fails to satisfy the directives of the April 2021 Rehearing Order, as

---

[52] April 2021 Rehearing Order, 175 FERC ¶ 61,040 at P 73.

[53] *See, e.g., PJM Interconnection, L.L.C.*, 147 FERC ¶ 61,254, at P 18 (2014).

[54] April 2021 Rehearing Order, 175 FERC ¶ 61,040 at PP 72-73 (citing *Williston Basin Interstate Pipeline Co.*, 52 FERC ¶ 61,170, at 61,645 (1990); *Nat'l Fuel Gas Supply Corp.*, 51 FERC ¶ 61,122, at 61,334-335 (1990); *Papago Tribal Util. Auth. v. FERC*, 773 F.2d 1056, 1059, 1063 (9th Cir. 1985); *Southwestern*, 49 FERC at 62,282-84.

reiterated in the August 2021 Rehearing Order.  In essence, PG&E has refused to adjust its test-year data to account for corporate income tax rate changes during January and February 2018.  PG&E's attempt to justify its failure to comply with the Commission's directives by making new arguments not previously raised on rehearing constitutes a collateral attack on the Commission's August 2021 Rehearing Order, which reaffirmed the Commission findings in the April 2021 Rehearing Order.[55]

28.     On the merits, PG&E's arguments are also flawed.  We agree with TANC and Six Cities that PG&E's compliance with the Commission's directives would not violate the IRS Normalization Rules, contrary to PG&E's assertions.  The IRS Normalization Rules only apply to accelerated depreciation,[56] and complying with the Commission's directives in the April 2021 and August 2021 Rehearing Orders would not require changes to accelerated depreciation or ADIT.  We also find that the Federal Income Tax Expense Deferred Liability and the Federal Income Tax Expense Current Liability, remeasured as of December 31, 2017 at the 21% federal corporate income tax rate, are based on the actual amount owed rather than deferral estimates, and thus are not subject to the IRS Normalization Rules.   Additionally, we agree with TANC and Six Cities that the "Consistency Rule" is not violated because the Total Federal Income Tax Expense is not a component of rate base, and it does not relate to the use of flow-through accounting for accelerated depreciation.

29.     For these reasons, we find that PG&E's Revised Compliance Filing does not comply with the Commission's April 2021 and August 2021 Rehearing Orders.  Therefore, we reject PG&E's Revised Compliance Filing and continue to require PG&E to adjust its test-year data so that its transmission rates reflect the reduction in the corporate income tax rate effective as of January 1, 2018.  We direct PG&E to submit a further compliance filing, within 30 days of the date of this order, to adjust its TRR pursuant to the Commission's directives in the April 2021 and August 2021 Rehearing Orders.[57]

The Commission orders:

        (A)     PG&E's Initial Compliance Filing in Docket No. ER16-2320-007 is hereby

---

[55] *See*, *e.g.*, *Midwest Indep. Transmission Sys. Operator, Inc.*, 136 FERC ¶ 61,244, at P 175 (2011) ("[W]e will not entertain here what essentially constitutes an untimely request for rehearing and an improper collateral attack of … [prior] orders.").

[56] 26 U.S.C. § 168 Accelerated Cost Recovery System (i)(9).

[57] April 2021 Rehearing Order, 175 FERC ¶ 61,040 at PP 69, 73; August 2021 Rehearing Order, 176 FERC ¶ 61,106 at P 2.

Document Accession #: 20230518-3042    Filed Date: 05/18/2023

dismissed as moot, as discussed in the body of this order.

  (B) PG&E's Revised Compliance Filing in Docket No. ER16-2320-009 is hereby rejected, as discussed in the body of this order.

  (C) PG&E is hereby directed to submit a compliance filing within 30 days of issuance of this order, as discussed in the body of this order.

  (D) PG&E's motion to lodge the PLR and for additional corrective action is hereby denied, as discussed in the body of this order.

By the Commission.

( S E A L )

Debbie-Anne A. Reese,
Deputy Secretary.

Document Accession #: 20230518-3042    Filed Date: 05/18/2023

Document Content(s)

ER16-2320-007.docx.....................................................1

# Exhibit B

184 FERC ¶ 62,045

UNITED STATES OF AMERICA

FEDERAL ENERGY REGULATORY COMMISSION

Pacific Gas and Electric Company                    Docket No. ER16-2320-013

NOTICE OF DENIAL OF REHEARING BY OPERATION OF LAW AND
PROVIDING FOR FURTHER CONSIDERATION

(July 21, 2023)

Rehearing has been timely requested of the Commission's order issued on May 18, 2023, in this proceeding. *Pac. Gas & Elec. Co.*, 183 FERC ¶ 61,118 (2023). In the absence of Commission action on a request for rehearing within 30 days from the date it is filed, the request for rehearing may be deemed to have been denied. 16 U.S.C. § 825*l*(a); 18 C.F.R. § 385.713 (2022); *Allegheny Def. Project v. FERC*, 964 F.3d 1 (D.C. Cir. 2020) (en banc).

As provided in 16 U.S.C. § 825*l*(a), the request for rehearing of the above-cited order filed in this proceeding will be addressed in a future order to be issued consistent with the requirements of such section. As also provided in 16 U.S.C. § 825*l*(a), the Commission may modify or set aside its above-cited order, in whole or in part, in such manner as it shall deem proper.

Debbie-Anne A. Reese,
Deputy Secretary.

Document Content(s)

ER16-2320-013.docx....................................................1



**FERC** Online - Web Applications of the Federal Energy Regulatory Commission



| | FERC Online Home |
|---|---|
| | **About FERC Online** |
| | Log Out |
| | Edit Registration |
| | **Company Registration** |
| | eFiling |
| | eSubscription |
| | eComment |
| | Query Mailing List/Recipients by State |
| | Query Service List |
| | My Service List |
| | My Filing List |
| | eLibrary |
| | **eTariff Viewer** |
| | **Help** |

## Service List for ER16-2320-000 Pacific Gas and Electric Company

Contacts marked ** must be postal served

| Party | Primary Person or Counsel of Record to be Served | Other Contact to be Served |
|---|---|---|
| California Department of Water Resources State Water Project | | Thomas Trauger<br>Spiegel & McDiarmid LLP<br>1875 Eye Street, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 2(<br>tom.trauger@spiegelmcd.com |
| California Department of Water Resources State Water Project | Amber Martin Stone<br>Associate<br>Spiegel & McDiarmid LLP<br>Spiegel & McDiarmid LLP<br>1875 Eye Street, NW, Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>amber.martin@spiegelmcd.com | Latif Nurani<br>Spiegel & McDiarmid LLP<br>1875 EYE ST NW STE 700<br>WASHINGTON, DISTRICT OF COLUMBIA<br>latif.nurani@spiegelmcd.com |
| California Department of Water Resources State Water Project | | E Service<br>Spiegel & McDiarmid LLP<br>1875 Eye St, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 2(<br>eService@spiegelmcd.com |
| California Department of Water Resources State Water Project | | Michael A Ramsey<br>Manager, State and Federal Com<br>2135 Butano Drive<br>Sacramento, CALIFORNIA 95825<br>Mike.Ramsey@water.ca.gov |
| California Department of Water Resources State Water Project | | Thomas Trauger<br>Spiegel & McDiarmid LLP<br>1875 Eye Street, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 2(<br>tom.trauger@spiegelmcd.com |
| California Department of Water Resources State Water Project | Amber Martin Stone<br>Associate<br>Spiegel & McDiarmid LLP<br>Spiegel & McDiarmid LLP<br>1875 Eye Street, NW, Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>amber.martin@spiegelmcd.com | Latif Nurani<br>Spiegel & McDiarmid LLP<br>1875 EYE ST NW STE 700<br>WASHINGTON, DISTRICT OF COLUMBIA<br>latif.nurani@spiegelmcd.com |
| California Department of Water Resources State Water Project | | E Service<br>Spiegel & McDiarmid LLP<br>1875 Eye St, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 2(<br>eService@spiegelmcd.com |
| California Department of Water Resources State Water Project | | Michael A Ramsey<br>Manager, State and Federal Com<br>2135 Butano Drive<br>Sacramento, CALIFORNIA 95825<br>Mike.Ramsey@water.ca.gov |
| California Department of Water Resources State Water Project | | Masoud Shafa<br>California Department of Water Resourc<br>PO Box 942836<br>Sacramento, 94236<br>Masoud.Shafa@water.ca.gov |
| California Public Utilities Commission | Jonathan Knapp<br>Senior Attorney<br>505 VAN NESS AVE<br>SAN FRANCISCO, CALIFORNIA 94102<br>UNITED STATES<br>jonathan.knapp@cpuc.ca.gov | |

| | | |
|---|---|---|
| California Public Utilities Commission | Stephanie Hoehn<br>California Public Utilities Commission<br>505 Van Ness Avenue<br>San Francisco, CALIFORNIA 94102<br>UNITED STATES<br>stephanie.hoehn@cpuc.ca.gov | |
| California Public Utilities Commission | | Yasemin Akay<br>California Public Utilities Commission<br>505 Van Ness Ave<br>San Francisco, CALIFORNIA 94102<br>yasemin.akay@cpuc.ca.gov |
| California Public Utilities Commission | Pouneh Ghaffarian<br>Staff Attorney<br>California Public Utilities Commission<br>505 Van Ness Ave.<br>San Francisco, CALIFORNIA 94102<br>UNITED STATES<br>pouneh.ghaffarian@cpuc.ca.gov | Tiffany S Ikeda<br>California Public Utilities Commission<br>505 VAN NESS AVE<br>SAN FRANCISCO, CALIFORNIA 94102<br>tiffany.ikeda@cpuc.ca.gov |
| California Public Utilities Commission | | Wenli Wei<br>California Public Utilities Commission<br>505 Van Ness Ave<br>San Francisco, CALIFORNIA 94102<br>wenli.wei@cpuc.ca.gov |
| Cities of Anaheim, Azusa, Banning, Colton, Pasadena, and Riverside, California | | Jecoliah R Williams<br>Associate Attorney<br>1909 K ST NW STE 600<br>WASHINGTON, DISTRICT OF COLUMBIA<br>jwilliams@thompsoncoburn.com |
| City and County of San Francisco | Theresa Cho<br>Deputy City Attorney<br>City and County of San Francisco<br>Office of the City Attorney<br>1 Dr. Carlton Goodlett Pl, Room 234<br>San Francisco, CALIFORNIA 94102-4682<br>UNITED STATES<br>theresa.cho@sfcityatty.org | |
| City and County of San Francisco | Theresa Cho<br>Deputy City Attorney<br>City and County of San Francisco<br>Office of the City Attorney<br>1 Dr. Carlton Goodlett Pl, Room 234<br>San Francisco, CALIFORNIA 94102-4682<br>UNITED STATES<br>theresa.cho@sfcityatty.org | |
| City of Colton, CA | | Scott D Harding<br>Asst Director of Utility Opera<br>650 N La Cadena Dr, Colton, CA 92324<br>Colton, CALIFORNIA 92324<br>sharding@coltonca.gov |
| CPUC | | Lou Torres<br>California Public Utilities Commission<br>505 VAN NESS AVE<br>SAN FRANCISCO, CALIFORNIA 94102<br>Louis.Torres@cpuc.ca.gov |
| CPUC | | Christine Jun Hammond<br>Attorney- Legal Division<br>California Public Utilities Commission<br>505 Van Ness Ave.<br>San Francisco, CALIFORNIA 94102-3298<br>christine.hammond@cpuc.ca.gov |
| CPUC | | Simon Hurd<br>Supervisor<br>California Public Utilities Commission<br>505 VAN NESS AVE<br>SAN FRANCISCO, CALIFORNIA 94102<br>Simon.Hurd@cpuc.ca.gov |
| CPUC | | Lou Torres<br>California Public Utilities Commission<br>505 VAN NESS AVE<br>SAN FRANCISCO, CALIFORNIA 94102<br>Louis.Torres@cpuc.ca.gov |
| CPUC | | Christine Jun Hammond<br>Attorney- Legal Division<br>California Public Utilities Commission |

| | | |
|---|---|---|
| | | 505 Van Ness Ave.<br>San Francisco, CALIFORNIA 94102-3298<br>christine.hammond@cpuc.ca.gov |
| CPUC | | Simon Hurd<br>Supervisor<br>California Public Utilities Commission<br>505 VAN NESS AVE<br>SAN FRANCISCO, CALIFORNIA 94102<br>Simon.Hurd@cpuc.ca.gov |
| Duncan,<br>Weinberg, Genzer<br>& Pembroke, P.C. | | Julie L Smith<br>Legal Assistant<br>Duncan, Weinberg, Genzer & Pembroke,<br>1667 K Street, N.W., Suite 700<br>Washington, DISTRICT OF COLUMBIA 20<br>JLS@dwgp.com |
| Energy Producers<br>& Users Coalition | NORA SHERIFF<br>Buchalter<br>55 Second St., 17th Fl.<br>San Francisco, CALIFORNIA 94105<br>UNITED STATES<br>nsheriff@buchalter.com | |
| Federal Energy<br>Regulatory<br>Commission | Edith Gilmore<br>Trial Attorney<br>Commission Staff Counsel<br>888 First Street, N.E.<br>32-01<br>Washington, DC, DISTRICT OF COLUMBIA 20426<br>UNITED STATES<br>edith.gilmore@ferc.gov | Martin Caballero<br>Commission Staff Counsel<br>P.O. Box 4060<br>Modesto, CALIFORNIA 95352<br>martin.caballero@mid.org |
| Federal Energy<br>Regulatory<br>Commission | Edith Gilmore<br>Trial Attorney<br>Commission Staff Counsel<br>888 First Street, N.E.<br>32-01<br>Washington, DC, DISTRICT OF COLUMBIA 20426<br>UNITED STATES<br>edith.gilmore@ferc.gov | Gregory Feeney<br>Commission Staff Counsel<br>1100 First St<br>Washington, DISTRICT OF COLUMBIA 20<br>Gregory.Feeney@ferc.gov |
| Imperial<br>Irrigation District | Michael Postar<br>Attorney<br>Duncan, Weinberg, Genzer & Pembroke PC<br>1667 K Street, N.W., Suite 700<br>Duncan Weinberg Genzer & Pembroke<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>mrp@dwgp.com | |
| Imperial<br>Irrigation District | Sean Neal<br>Attorney<br>Duncan, Weinberg, Genzer & Pembroke PC<br>915 L ST STE 1410<br>SACRAMENTO, CALIFORNIA 95814<br>UNITED STATES<br>smn@dwgp.com | |
| Imperial<br>Irrigation District | | Jamie Asbury<br>Imperial Irrigation District<br>Imperial Irrigation District<br>1561 Main Street<br>El Centro, CALIFORNIA 92243<br>jlasbury@IID.com |
| Imperial<br>Irrigation District | Michael Postar<br>Attorney<br>Duncan, Weinberg, Genzer & Pembroke PC<br>1667 K Street, N.W., Suite 700<br>Duncan Weinberg Genzer & Pembroke<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>mrp@dwgp.com | |
| Imperial<br>Irrigation District | Sean Neal<br>Attorney<br>Duncan, Weinberg, Genzer & Pembroke PC<br>915 L ST STE 1410<br>SACRAMENTO, CALIFORNIA 95814<br>UNITED STATES<br>smn@dwgp.com | |
| Imperial<br>Irrigation District | | Jamie Asbury<br>Imperial Irrigation District |

USCA Case #23-1262     Document #2017282     Filed: 09/14/2023     Page 30 of 34

| | | |
|---|---|---|
| | | Imperial Irrigation District<br>1561 Main Street<br>El Centro, CALIFORNIA 92243<br>jlasbury@IID.com |
| Imperial<br>Irrigation District | | Julie L Smith<br>Legal Assistant<br>1667 K Street, N.W., Suite 700<br>Washington, DISTRICT OF COLUMBIA 20<br>JLS@dwgp.com |
| Joint Intervenors | Rebecca Shelton<br>Thompson Coburn LLP<br>1909 K Street, N.W., Suite 600<br>Washington, DISTRICT OF COLUMBIA 20006-1167<br>UNITED STATES<br>rshelton@thompsoncoburn.com | Margaret Elizabeth McNaul<br>Attorney<br>Thompson Coburn LLP<br>1909 K Street, N.W.<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 20<br>mmcnaul@thompsoncoburn.com |
| Modesto<br>Irrigation District | Sean Neal<br>Attorney<br>Duncan, Weinberg, Genzer & Pembroke PC<br>915 L ST STE 1410<br>SACRAMENTO, CALIFORNIA 95814<br>UNITED STATES<br>smn@dwgp.com | |
| Modesto<br>Irrigation District | | James McFall<br>jamesm@mid.org |
| Modesto<br>Irrigation District | Sean Neal<br>Attorney<br>Duncan, Weinberg, Genzer & Pembroke PC<br>915 L ST STE 1410<br>SACRAMENTO, CALIFORNIA 95814<br>UNITED STATES<br>smn@dwgp.com | |
| Modesto<br>Irrigation District | | James McFall<br>jamesm@mid.org |
| Northern<br>California Power<br>Agency | | Lisa Dowden<br>Spiegel & McDiarmid LLP<br>1875 EYE ST NW STE 700<br>WASHINGTON, DISTRICT OF COLUMBIA<br>Lisa.Dowden@spiegelmcd.com |
| Northern<br>California Power<br>Agency | | Latif Nurani<br>Spiegel & McDiarmid LLP<br>1875 EYE ST NW STE 700<br>WASHINGTON, DISTRICT OF COLUMBIA<br>latif.nurani@spiegelmcd.com |
| Northern<br>California Power<br>Agency | Amber Martin Stone<br>Associate<br>Spiegel & McDiarmid LLP<br>Spiegel & McDiarmid LLP<br>1875 Eye Street, NW, Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>amber.martin@spiegelmcd.com | E Service<br>Spiegel & McDiarmid LLP<br>1875 Eye St, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20<br>eService@spiegelmcd.com |
| Northern<br>California Power<br>Agency | | Randy Howard<br>Northern California Power Agency<br>651 Commerce Drive<br>Roseville, CALIFORNIA 95678<br>Randy.Howard@ncpa.com |
| Northern<br>California Power<br>Agency | | Lisa Dowden<br>Spiegel & McDiarmid LLP<br>1875 EYE ST NW STE 700<br>WASHINGTON, DISTRICT OF COLUMBIA<br>Lisa.Dowden@spiegelmcd.com |
| Northern<br>California Power<br>Agency | | Latif Nurani<br>Spiegel & McDiarmid LLP<br>1875 EYE ST NW STE 700<br>WASHINGTON, DISTRICT OF COLUMBIA<br>latif.nurani@spiegelmcd.com |
| Northern<br>California Power<br>Agency | Amber Martin Stone<br>Associate<br>Spiegel & McDiarmid LLP<br>Spiegel & McDiarmid LLP<br>1875 Eye Street, NW, Suite 700<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>amber.martin@spiegelmcd.com | E Service<br>Spiegel & McDiarmid LLP<br>1875 Eye St, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20<br>eService@spiegelmcd.com |

| | | |
|---|---|---|
| | | Randy Howard |
| Northern California Power Agency | | Northern California Power Agency<br>651 Commerce Drive<br>Roseville, CALIFORNIA 95678<br>Randy.Howard@ncpa.com |
| Pacific Gas and Electric Company | Moshreq Sobhy<br>Principal, Case Manager Transm<br>Pacific Gas and Electric Company<br>300 LAKESIDE DR<br>OAKLAND, CALIFORNIA 94612<br>UNITED STATES<br>mzsr@pge.com | PG&E Law Dept FERC Cases<br>INDIVIDUAL<br>77 Beale Street<br>San Francisco, CALIFORNIA 94105<br>lawferccases@pge.com |
| Pacific Gas and Electric Company | | Joanne M Myers<br>Senior Manager<br>Pacific Gas and Electric Company<br>77 BEALE ST<br>SAN FRANCISCO, CALIFORNIA 94105<br>jmmf@pge.com |
| Pacific Gas and Electric Company | Moshreq Sobhy<br>Principal, Case Manager Transm<br>Pacific Gas and Electric Company<br>300 LAKESIDE DR<br>OAKLAND, CALIFORNIA 94612<br>UNITED STATES<br>mzsr@pge.com | PG&E Law Dept FERC Cases<br>INDIVIDUAL<br>77 Beale Street<br>San Francisco, CALIFORNIA 94105<br>lawferccases@pge.com |
| Pacific Gas and Electric Company | Charles Middlekauff<br>Attorney<br>Pacific Gas and Electric Company<br>PO Box 7442<br>San Francisco,CALIFORNIA 94120-7442<br>UNITED STATES<br>crmd@pge.com | Keith T Sampson, ESQ<br>Senior Counsel<br>Pacific Gas and Electric Company<br>300 LAKESIDE DR<br>PO BOX 1018<br>OAKLAND, CALIFORNIA 94612<br>keith.sampson@pge.com |
| Pacific Gas and Electric Company | Elaine Sison-Lebrilla<br>Pacific Gas and Electric Company<br>elaine.sison-lebrilla@cpuc.ca.gov | Inna Vinogradov<br>Pacific Gas and Electric Company<br>505 VAN NESS AVE<br>SAN FRANCISCO, CALIFORNIA 94102<br>inna.vinogradov@cpuc.ca.gov |
| Pacific Gas and Electric Company | | Matthew Kahal<br>Pacific Gas and Electric Company<br>mkahal@comcast.net |
| Pacific Gas and Electric Company | | Hannah Ford-Stille<br>Attorney<br>505 VAN NESS AVE<br>SAN FRANCISCO, CALIFORNIA 94102<br>hannah.ford-stille@cpuc.ca.gov |
| Sacramento Municipal Utility District | Harvey Reiter<br>Partner<br>Stinson Leonard Street LLP<br>1775 Pennsylvania Ave., NW<br>Suite 800<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>harvey.reiter@stinson.com | Jonathan Trotta, ESQ<br>Davis Wright Tremaine LLP<br>Davis Wright Tremaine LLP<br>1301 K ST NW<br>SUITE 500 EAST<br>WASHINGTON, DISTRICT OF COLUMBIA<br>jonathantrotta@dwt.com |
| Sacramento Municipal Utility District | Harvey Reiter<br>Partner<br>Stinson Leonard Street LLP<br>1775 Pennsylvania Ave., NW<br>Suite 800<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>harvey.reiter@stinson.com | Jonathan Trotta, ESQ<br>Davis Wright Tremaine LLP<br>Davis Wright Tremaine LLP<br>1301 K ST NW<br>SUITE 500 EAST<br>WASHINGTON, DISTRICT OF COLUMBIA<br>jonathantrotta@dwt.com |
| San Diego Gas & Electric Company | Ross Fulton<br>Senior Counsel<br>San Diego Gas & Electric Company<br>8330 Century Park Court<br>San Diego, CALIFORNIA 92123<br>UNITED STATES<br>rfulton@sdge.com | Melanie Hancock<br>Transmission Revenue Manager<br>San Diego Gas & Electric Company<br>8330 Century Park Court, CP31E<br>San Diego, CALIFORNIA 92123<br>mhancock@sdge.com |
| Six Cities CA | Rebecca Shelton<br>Thompson Coburn LLP<br>1909 K Street, N.W., Suite 600<br>Washington, DISTRICT OF COLUMBIA 20006-1167<br>UNITED STATES<br>rshelton@thompsoncoburn.com | Margaret Elizabeth McNaul<br>Attorney<br>Thompson Coburn LLP<br>1909 K Street, N.W.<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 20<br>mmcnaul@thompsoncoburn.com |

| | | |
|---|---|---|
| Six Cities CA | | Bonnie Susan Blair<br>Attorney<br>Thompson Coburn LLP<br>1909 K Street, N.W.<br>Suite 600<br>RTS-return to sender<br>Washington, DISTRICT OF COLUMBIA 20<br>bblair@thompsoncoburn.com |
| Six Cities CA | | Robert C. Smith<br>Principal<br>GDS Associates, Inc.<br>1850 Parkway Place<br>Suite 800<br>Marietta, GEORGIA 30067<br>rob.smith@gdsassociates.com |
| Six Cities CA | | Carrie A Thompson<br>Principal Integrated Resources<br>City of Anaheim, California<br>201 S ANAHEIM BLVD STE 802<br>ANAHEIM, CALIFORNIA 92805<br>cathompson@anaheim.net |
| Six Cities CA | | Thomas (Tom) A. Miller<br>City of Banning, California<br>tmiller@ci.banning.ca.us |
| Six Cities CA | Nicholas Burki<br>Integrated Resources Planner I<br>City of Anaheim, California<br>201 S. Anaheim Blvd.<br>Suite 802<br>Anaheim, CALIFORNIA 92805<br>UNITED STATES<br>Nburki@anaheim.net | |
| Six Cities CA | Rebecca Shelton<br>Thompson Coburn LLP<br>1909 K Street, N.W., Suite 600<br>Washington, DISTRICT OF COLUMBIA 20006-1167<br>UNITED STATES<br>rshelton@thompsoncoburn.com | Margaret Elizabeth McNaul<br>Attorney<br>Thompson Coburn LLP<br>1909 K Street, N.W.<br>Suite 600<br>Washington, DISTRICT OF COLUMBIA 20<br>mmcnaul@thompsoncoburn.com |
| Six Cities CA | | Bonnie Susan Blair<br>Attorney<br>Thompson Coburn LLP<br>1909 K Street, N.W.<br>Suite 600<br>RTS-return to sender<br>Washington, DISTRICT OF COLUMBIA 20<br>bblair@thompsoncoburn.com |
| Six Cities CA | | Robert C. Smith<br>Principal<br>GDS Associates, Inc.<br>1850 Parkway Place<br>Suite 800<br>Marietta, GEORGIA 30067<br>rob.smith@gdsassociates.com |
| Six Cities CA | | Carrie A Thompson<br>Principal Integrated Resources<br>City of Anaheim, California<br>201 S ANAHEIM BLVD STE 802<br>ANAHEIM, CALIFORNIA 92805<br>cathompson@anaheim.net |
| Six Cities CA | | Thomas (Tom) A. Miller<br>City of Banning, California<br>tmiller@ci.banning.ca.us |
| Six Cities CA | Nicholas Burki<br>Integrated Resources Planner I<br>City of Anaheim, California<br>201 S. Anaheim Blvd.<br>Suite 802<br>Anaheim, CALIFORNIA 92805<br>UNITED STATES<br>Nburki@anaheim.net | |
| Southern California Edison Company | | FERC Case Administration<br>FERC Case Administration<br>Southern California Edison Company<br>2244 WALNUT GROVE AVE |

USCA Case #23-1262       Document #2017282       Filed: 09/14/2023       Page 33 of 34

| | | |
|---|---|---|
| | | ROSEMEAD, CALIFORNIA 91770<br>ferccaseadmin@sce.com |
| Southern California Edison Company | Rebecca Furman<br>Attorney<br>Southern California Edison Company<br>PO Box 800<br>Rosemead,CALIFORNIA<br>UNITED STATES<br>rebecca.furman@sce.com | |
| Southern California Edison Company | Matthew Dwyer<br>Southern California Edison Company<br>2244 Walnut Grove Ave.<br>Rosemead, CALIFORNIA 91770<br>UNITED STATES<br>matthew.dwyer@sce.com | FERC Case Administration<br>FERC Case Administration<br>Southern California Edison Company<br>2244 WALNUT GROVE AVE<br>ROSEMEAD, CALIFORNIA 91770<br>ferccaseadmin@sce.com |
| Southern California Edison Company | Rebecca Furman<br>Attorney<br>Southern California Edison Company<br>PO Box 800<br>Rosemead,CALIFORNIA<br>UNITED STATES<br>rebecca.furman@sce.com | |
| State Water Contractors | Bhaveeta Mody<br>Duncan, Weinberg, Genzer & Pembroke PC<br>1667 K ST NW STE 700<br>WASHINGTON, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>bkm@dwgp.com | |
| State Water Contractors | Michael Postar<br>Attorney<br>Duncan, Weinberg, Genzer & Pembroke PC<br>1667 K Street, N.W., Suite 700<br>Duncan Weinberg Genzer & Pembroke<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>mrp@dwgp.com | |
| State Water Contractors | Bhaveeta Mody<br>Duncan, Weinberg, Genzer & Pembroke PC<br>1667 K ST NW STE 700<br>WASHINGTON, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>bkm@dwgp.com | |
| State Water Contractors | Michael Postar<br>Attorney<br>Duncan, Weinberg, Genzer & Pembroke PC<br>1667 K Street, N.W., Suite 700<br>Duncan Weinberg Genzer & Pembroke<br>Washington, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>mrp@dwgp.com | |
| The City of Santa Clara, California and the M-S-R Public Power Agency | Lisa Gast<br>Attorney<br>Duncan, Weinberg, Genzer & Pembroke PC<br>1667 K ST NW STE 700<br>WASHINGTON, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>lsg@dwgp.com | Linda L. Murray-Kimball<br>Legal Assistant<br>Duncan, Weinberg, Genzer & Pembroke<br>1667 K Street, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20<br>lmk@dwgp.com |
| The City of Santa Clara, California and the M-S-R Public Power Agency | Peter Scanlon<br>Partner<br>Duncan, Weinberg, Genzer & Pembroke PC<br>1667 K ST NW STE 700<br>WASHINGTON, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>pjs@dwgp.com | |
| The City of Santa Clara, California and the M-S-R Public Power Agency | Lisa Gast<br>Attorney<br>Duncan, Weinberg, Genzer & Pembroke PC<br>1667 K ST NW STE 700<br>WASHINGTON, DISTRICT OF COLUMBIA 20006<br>UNITED STATES<br>lsg@dwgp.com | Linda L. Murray-Kimball<br>Legal Assistant<br>Duncan, Weinberg, Genzer & Pembroke<br>1667 K Street, NW<br>Suite 700<br>Washington, DISTRICT OF COLUMBIA 20<br>lmk@dwgp.com |
| The City of Santa Clara, California and the M-S-R | Peter Scanlon<br>Partner<br>Duncan, Weinberg, Genzer & Pembroke PC<br>1667 K ST NW STE 700 | |

| | | |
|---|---|---|
| Public Power Agency | WASHINGTON, DISTRICT OF COLUMBIA 20006 UNITED STATES pjs@dwgp.com | |
| Trans Bay Cable LLC | Lenneal Gardner Regulatory and Business Manage Trans Bay Cable LLC PO BOX 666 PITTSBURG, CALIFORNIA 94565 UNITED STATES lenneal.gardner@transbaycable.com | Jennifer C Mansh Attorney GIBSON, DUNN & CRUTCHER LLP 1050 CONNECTICUT AVE NW WASHINGTON, DISTRICT OF COLUMBIA Jmansh@gibsondunn.com |
| Trans Bay Cable LLC | Lenneal Gardner Regulatory and Business Manage Trans Bay Cable LLC PO BOX 666 PITTSBURG, CALIFORNIA 94565 UNITED STATES lenneal.gardner@transbaycable.com | Jennifer C Mansh Attorney GIBSON, DUNN & CRUTCHER LLP 1050 CONNECTICUT AVE NW WASHINGTON, DISTRICT OF COLUMBIA Jmansh@gibsondunn.com |
| Transmission Agency of Northern California | Michael Postar Attorney Duncan, Weinberg, Genzer & Pembroke PC 1667 K Street, N.W., Suite 700 Duncan Weinberg Genzer & Pembroke Washington, DISTRICT OF COLUMBIA 20006 UNITED STATES mrp@dwgp.com | |
| Transmission Agency of Northern California | | David B Cohen INDIVIDUAL 2855 SW Scenic Dr Portland, OREGON 97225 dcohen@navigantconsulting.com |
| Transmission Agency of Northern California | Sylwia Dakowicz 1036 Vanderbilt Way Sacramento, CALIFORNIA 95825 UNITED STATES sd@dwgp.com | Larry W Riegle Associate Director 3100 Zinfandel Dr. Suite 600 Rancho Cordova, CALIFORNIA 95670 lriegle@navigant.com |
| Transmission Agency of Northern California | Michael Postar Attorney Duncan, Weinberg, Genzer & Pembroke PC 1667 K Street, N.W., Suite 700 Duncan Weinberg Genzer & Pembroke Washington, DISTRICT OF COLUMBIA 20006 UNITED STATES mrp@dwgp.com | |
| Transmission Agency of Northern California | | David B Cohen INDIVIDUAL 2855 SW Scenic Dr Portland, OREGON 97225 dcohen@navigantconsulting.com |
| Transmission Agency of Northern California | | Larry W Riegle Associate Director 3100 Zinfandel Dr. Suite 600 Rancho Cordova, CALIFORNIA 95670 lriegle@navigant.com |

[ Back to Query Service List ]   [ Back to FERCOnline ]

**Title 18, U.S.C. 1001 makes it a crime for any person knowingly and willingly to make to any Agency or Department of the United States fictitious or fraudulent statements as to any matter within its jurisdiction.**

FERC Online does not require the submission of personally identifiable Information (PII) (e.g. social security numbers, birthdates, and phone num FERC will not be responsible for any PII submitted to FERC Online, including any accidental or inadvertent submissions of PII.

This site contains information collections that are subject to the Paperwork Reduction Act (PRA). Among other things, the PRA requires FERC to with an estimate of the average burden of completing the information collections on this site. Comments regarding the burden estimate or any oth these forms can be directed to FERC's Information Collection Branch at DataClearance@ferc.gov.

In addition, you are not required to respond to any collection of information unless it displays a currently valid Office of Management and Budget ( number. FERC provides the OMB Control Numbers of the information collections on this site at www.ferc.gov/information-collections.

For any issues regarding FERC Online, please contact FERC Online Support or call Local: 202-502-6652 | Toll-free: 866-208-3676. Please include a c address, telephone number, and e-mail address.